J-S27018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAD JEREMY KELL | : | |
| | : | |
| Appellant | : | No. 1328 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 6, 2018
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-SA-0000011-2018

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY OTT, J.: FILED: September 9, 2019

Tad Jeremy Kell appeals, *pro se* and *in forma pauperis*,[1] from the judgment of sentence imposed in the Court of Common Pleas of Warren County, on August 6, 2018, after Kell failed to appear at the August 3, 2018

_____

* Retired Senior Judge assigned to the Superior Court.

[1] However, Kell's self-written brief is titled:

Tad Jeremy Kell
Proceeding su juris, In Propria Persona, as the Beneficiary
Creditor
**Absolutely not proceeding pro se**
Kingdom of the Power of Powers,)
on the soil of ) SS: Declaration of
Warren County, Pennsylvania ) Foreign Neutral
United States of America ) under Absolute Law's
) of The Living Father

Kell's Brief, cover page (emphasis added). We do not know what Kell means, but he is not represented by counsel.

summary appeal of a traffic citation. The trial court reinstated the fines and costs that had been imposed by the Magisterial District Court on April 23, 2018. In this timely appeal, Kell raises 23 issues. Because Kell did not appear before the trial court, none of these issues was raised before the trial court. Accordingly, we have no issues to review and we affirm judgment of sentence.

On April 23, 2018, Kell was found guilty of violating 75 Pa.C.S. § 1501(a), driving without a license. He was ordered to pay the fine and costs. Kell appealed that finding but failed to attend the trial *de novo* that had been scheduled for August 3, 2018. On August 6, 2018, the trial court filed its order dismissing the summary appeal and reinstating the prior conviction and sentence. Kell now raises such claims as:

> 3. Did indeed Tad Kell halt the assumption of jurisdiction by Adam Foriska [the Warren County police officer who wrote the citation] in his law merchant capacity? Did Tad Kell accomplish this by offering a Notice of rights and then signing without prejudice pursuant to UCC 308? Does indeed Tad Kell have remedy and recourse, pursuant to UCC 308, to have jurisdiction be proved before any part of an administrative quasi-judicial procedure can continue?
> …
>
> 12. May the Maureen Skerda [President Judge of Warren County] simply ignore a counterclaim and proceed to the chance to be heard phase of the procedural process by assuming consent
> …
>
> 16. Does the flesh and blood man Tad Jeremy Kell have the liberty to be the Beneficiary of the accounts created by the Birth certificate and social security card
> …
>
> 19. Is the person Judge Skerda mentions in her reply to the statement 1925b concerning the word person in PA code driver

license really just Tad Jeremy Kell's persona as created by the birth certificate and social security card

…

22. Tad Jeremy Kell as an American National by many generations of birthright Pennsylvanians whose liberties are defined by the treaty of Paris and The Articles of Confederation as part of The Organic Laws of the United States. Do these documents create a very specific venue and due process that must be honored when such a standing is made

Kell's Brief at 4-8.

We see no need to relate all 23 of Kell's issues. None of the issues appear to have been raised before the trial court.

Initially, we note that "[i]t is a bedrock appellate principle that 'issues not raised in the lower court are waived and cannot be raised for the first time on appeal.'…"

*Commonwealth v. Hitcho*, 123 A.3d 731, 756 (Pa. 2015) (citation omitted).

Additionally, Kell was ordered to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. He filed a document entitled "Statements to the courts it may concern." The trial court accepted this document as the Rule 1925(b) statement. We have reviewed the document and find it to be incomprehensible. As such, we believe no issue has been preserved through the Rule 1925(b) statement either.[2] However, we note the trial court discerned possible issues concerning discovery and an alleged request for continuance. In an abundance of caution, we will adopt the trial court's

---

[2] *See Commonwealth v. Dozier*, 99 A.3d 106 (Pa. Super 2014), wherein only four of the eighteen issues raised were worthy of consideration, the other fourteen issues were incomprehensible and not addressed.

opinion regarding those claims.  The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2019